IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

2010 NOV -8  PM 4:43

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L

JAMES THOMAS NOLAN,            (
                              )
        PETITIONER,            (
                              )
                              (
                              )
                              (
                              )
vs.                           )
                              (
                              )     CASE NO. 86-6122-CRZLoch(S)(S)(S)(S)
                              (
                              )
                              (
                              )
UNITED STATES OF AMERICA,      (
                              )
        RESPONDENT.            (
_____   )

"MOTION"

UNDER RULE 60-B-6

FED. RULES OF CRIM. PROCEDURE

## HISTORY OF CASE

**James Nolan,** was a member of the Outlaw Motorcycle Club, located in South Florida, in the city of Fort Lauderdale. Petitioner James Nolan, was indicted by the U.S. Attorney Office in the Southern District of Florida, under **18 USC 1962(C), 18 USC 1962(d), 18 USC 1951, 18 USC Section 2, and Title 21 USC 841(a)(1).** Now Petitioner is asking this Honorable Court to Vacate this sentence, and dismiss this indictment. That these errors have now been shown of how the government convicted the Petitioner under this indictment.


## ISSUES BEING PRESENTED

1) Indictment fails to charge an offense against the United States.

2) Petitioner was not indicted or charged by the Grand Jury under, Title 21 USC 841(a)(1), or Section 2, or 18 USC, 1962(C), 18 USC, 1962(d), or 18 USC 1951

## TABLE OF CONTENTS

1) Statement of Facts, and History of this case

2) Table of Authorities

3) Jurisdiction

4) Issues being raised in this Motion, before this Court

5) Conclusion

6) Certificate of Service

## TABLE OF AUTHORITIES

1. U.S. vs. Saade, 652, F.2d 1126, 1133, (1st Cir. 1981)

2. U.S. vs. Seuss, 474 F.2d 385, 387, N.2, 1st Cir. Cert. denied, 412 US, 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973)

3. U.S. vs. Chesney, 10 F.3d 641, 643, 9th Cir.

4. U.S. vs. Sutton, 961 F.2d 476, 479, 4th Cir. Cert. denied _____ U.S. _____ 113 S.Ct. 171, 121 L.Ed.2d 118 (1992)

5. U.S. vs. Coiro, 922 F.2d 1008, 1013, (2nd Cir. 1991)

6. U.S. vs. Clark, 646 F.2d 1259, 1262 (8th Cir.)

7. U.S. vs. Wander, 601 F.2d 1251, 1259 (3rd Cir.)

8. <u>U.S. vs. Cabrena-Terran</u>, 168 F.3d 141, 143, (5th Cir.)

9. <u>U.S. vs. Morales-Rosales</u>, 838 F.2d 1359, 1361-62 (5th Cir. 1998)

10. <u>U.S. vs. Scott</u>, 993 F.2d 1520 (11th Cir.)

11. <u>U.S. vs. Dixon</u> 596 F.2d 178, 181 (7th Cir.)

12. <u>Hamlin vs. U.S.</u>, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 5901
    (1973)

13. <u>U.S. vs. Apfelbaum</u>, 63 L.Ed.2d 250, 263 (1980)

14. <u>U.S. vs. Barnett</u> 667, F.2d 835, 841, (9th Cir.)

15. <u>U.S. vs. Camp</u>, 541 F.2d 737, 744, (8th Cir. 1967)

16. <u>U.S. vs. Berlin</u>, 472 F.2d 1002, 1007, (2nd Cir. 1973)

17. <u>U.S. vs. Tomasetta</u>, 429 F.2d 978 (1st Cir.)

18. <u>U.S. vs. Murphy</u>, 762 F.2d 1151, (1st Cir.)

19. <u>Federal Rules of Criminal Procedure 7.CL</u>

20. <u>Russell vs. U.S.</u>, 369 U.S. 749, 82 S.Ct. 1083 (1962)

21. <u>Ex Parte Bain vs. U.S.</u>, 1, 7, S.Ct. 781, 30 L.Ed. 849 (1887)

22. <u>In Effect Stirone vs. U.S.</u>, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. 270
    (1960)

23. <u>Burger vs. U.S.</u>, 295 U.S. 78, 82, 55, S.Ct. 629, 79 L.Ed. 314 (1935)

24. <u>U.S. vs. Cancellieve</u>, 69, F.3d 1116, (11th Cir.)

25. <u>U.S. vs. Laporta</u>, 46, F.3d 152, 156, (2nd Cir.)

26. <u>Jones vs. U.S.</u>, 118 S.Ct. 1359, 64 CrL 1512, 1517, N.6 (1999)

27. <u>U.S. vs. Church</u>, 955 F.2d 688, 697, 11th Cir. Cert. denied, sub nom.

28. <u>Coppola vs. U.S.</u>, _____US_____ US 113 S.Ct. 233, 121 L.Ed.2d
    169 (1992)

29. <u>U.S. vs. Coporale</u>, 806 F.2d 1487, 1489, (11th Cir. 1986)

30. <u>U.S. vs. Reed</u>, 980 F.2d 1568, 1581, (11th Cir.)

31. Costello vs. U.S, 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed.2d 397 (1956)

32. U.S. vs. Evans, 333 U.S. at 485-95

33. U.S. vs. Eaton, 104 U.S. 677, 686 (1892)

34. U.S. vs. McCormick, 72 F.3d, 1404 (9th Cir.)

35. Bifalco vs. U.S., 447 U.S. 381, 396 (1980)

36. Edwards vs. U.S., No. 76-8732

37. U.S. vs. Carozza, 4 F.3d 70, 81 1st Cir. 1993 Cert. denied 511, U.S. 1069 (1994)

38. U.S. vs. Prentiss, 206 F.3d 960 (10th Cir.)

39. U.S. vs. Dubo, 186 F.3d 117, (9th Cir. 1999)

40. U.S. vs. Spinner, 180 F.3d 514, (3rd Cir.)

41. U.S. vs Rudsill, 2000 U.S. App. Lexus 10380 (4th Cir. 2000)

42. U.S. vs. Matthews, 178 F.3d 295, 301, 5th Cir. 120, S.Ct. 359 (1999)

43. U.S., vs Norby, 225 F.3d 1053, 59 (9th Cir. 2000)

44. Neder vs. United States, 527 U.S. 1, 8-9

45. Apprendi vs. New Jersey, 530 U.S. 466 U.S. S.Ct. (2000)

46. U.S. vs. Morrison, 536 F.2d 286, 288 (9th Cir. 1976)

47. U.S. vs. Eldrington, U.S. S.Ct.

48. U.S. vs. King, 587 F.2d 956-963 (1978)

49. U.S. vs. Kurkia, 818 F.2d 1427, 1431 (9th Cir. 1987)

50. U.S. vs. Spruill, 118 F.2d 221, 227 (4th Cir.)

51. U.S. vs. Brown, 995 F.2d 1498, (10th Cir.)

52. Lankford vs. Idaho, 500 U.S. 110 (1991)

53. U.S. vs. Italiano, 837 F.2d 1480 (1988)

54. U.S. vs. Deiseh, 201 F.3d 139, (5th Cir.

5. <u>U.S. vs. Gayle</u>, 967 F.2d 1483, (11th Cir. 1992)

56. <u>Kelly vs. U.S.</u>, 29 F.3d 1107, 1111-1112, (7th Cir. 1994)


## <u>JURISDICTION</u>

Jurisdiction is invoked through <u>18 USC 3231</u>, the United States District Court shell have Original Jurisdiction.

## ISSUE I

In the case at hand, it has been recently discovered that the indictment against Petitioner is defective on its face under Federal Rule of Criminal Procedure, __12(b)(2)__, a claim that an indictment which fails to state, or charge an offense, shall and can be challenged, after trial or even on an appeal. __See, United States vs. Saade, 652, F.2d 1126, 1133, 1st Cir. (1981), United States vs. Seuss, 474 F.2d 385, 387, N.2 1st Cir. cert. denied, 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973), United States vs. Chesney, 10F.3d 641, 643, (9th Cir. 1993). United States vs. Sutton, 961 F.2d 476, 479, (4th Cir.) cert. denied _____ U.S. _____ 113 S.Ct. 171, 121, L.Ed.2d 118 (1992). United States vs. Coiro, 922 F.2d 1008, 1013, (2nd Cir. 1991), cert. denied, 501 U.S. 1217, 111, S.Ct. 2826, 115 L.Ed.2d 996, (1992). United States vs. Clark, 646 F.2d 1259, 1262, (8th Cir. 1981). United States vs. Wander, 601 F.2d 1251, 1259, (3rd Cir. 1979).__ Now in this case Petitioner was charged under, The Racketeer Influenced, and Corrupt Organization, or __RICO Act.__ Now in this matter, the indictment fails to state whether the Petitioner intended to join, and __"willfully"__ participated in the conspiracy, thereby, leaving the question open whether the Petitioner could have been forced to participate in the conspiracy. The indictment contains no allegation of willful, or intentional activity which might be said to notify the Defendant of the __Mens Rea__ of the crime charged. Where an indictment fails to state a necessary element of a charged offense, it is fatally defective. The failure to include the element of willfulness, and aiding, and abetting by charging a Defendant with violating __18 USC 2__ renders, an indictment Constitutionally defective, it is not amenable to harmless error review. The Court in __Dubo__ stated these type of differences

were not minor technical flaws subject to harmless error analysis, but a fatal flaw requiring dismissal of the entire indictment. The Fifth Circuit has held in **United States vs. Cabrena-Terran**, 168 F.3d 141, 143 (5th Cir. 1999), that the failure of the indictment to charge each, and every essential element, of an offense is a serious constitutional violation. See also **United States vs. Morales-Rosales**, 838 F.2d 1359, 1361-62 (5th Cir. 1998, that criminal information does not charge the second element of the offense. The failure of information to charge an offense is a jurisdictional defect that is not **waived** by a **guilty plea.**

**U.S. vs. Scott**, 993 F.2d 1520, (11th Cir. 1993), indictment was fatally defective because it failed to allege all the elements of the charged offense, and it failed to indicate which of the two subsections of **Title 18 U.S.C. 1703** Defendant was charged with **(A) or (B)**, thus the Defendant could not tell with certainty whether he was defending against a charge based on subsection **(A) or (B)**. Although the language of the indictment makes it appear most probable that the operative subsection is **(A)**, **(B)** could conceivably apply, therefore prudence would require Defendant to be prepared to defend against both **(A) and (B)**. It is an undue burden for Defendant to defend against a charge beyond that which the indictment was intended to convey. Also, the indictment did not contain **Mens Rea** element, see, **U.S. vs. Dixon**, 596 F.2d 178, 181 (7th Cir. 1979). The Seventh Circuit stated, moreover, that the Supreme Court, in a recent case, quoted from Carll in a way which changes the emphasis in the language relied on. It is generally sufficient that an indictment set forth the offense in the **words** of the **statute itself** as long as those words of themselves fully, directly, and expressly, without any uncertainty, or ambiguity, set forth all the

elements necessary to constitute the offense intended to be punished, **Hamlin vs. United States**, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, (1973).

Title 18 U.S.C. Section 2 states:

(2) Principles

(A) Whoever commits an offense against the United States or **Aids**, **Abets**, **Counsels**, **Commands**, **Induces** or **Procures** it's commission, is punishable as a principle.

(B) Whoever willfully causes an act to be done which is directly performed by him or another would be an offense against the United States, is punishable as a principle.

## STATEMENT OF FACTS

The words, **Aids**, **Abets**, **Counsels**, **Commands**, **Induces**, and **Procures** were **omitted** from Petitioner's indictment as to the separate **Title 18 U.S.C. Section 2**, within the **A & B** Counts.

Petitioner's attorney failed to make pretrial objection to the sufficiency of the indictment, **Rule 12(b)(2) Federal Rules of Criminal Procedure as to Counts A-B**, counts the Petitioner was indicted on.

Petitioner's attorney failed to make a request for a Bill of

Particulars pursuant to **Rule 7(b)** **Federal Rules of Criminal Procedure** to obtain more definite information as to **Counts A-B,** counts that Petitioner was indicted on.

Petitioner's attorney failed to raise this issue before trial, and as well as at sentencing, and never filed an appeal for Petitioner on this violation.

The Court erred in allowing Petitioner to be sentenced on **Counts A & B,** counts of section 2.

In the criminal law **both** a culpable **Mens Rea** and a criminal **Actus Reus** are generally required for an offense to occur. **See, United States vs. Apfelbaum,** 63 L.Ed.2d 250, 263 (1980).

An **Abettor** is one **"who"** with **Mens Rea commands, counsels,** or otherwise **encourages** the perpetrator to commit the crime. **Perkins Criminal Law at 645 (2nd Ed. 1969). See, U.S. vs. Barnett,** 667, F.2d 835, 841 (9th Cir.) Title 18 U.S.C. **Section 2** is presently the creation of two distinct acts of Congress. **Section 2A** was created, and codified by the acts of March 4, 1909, whereas **Section 2B** was created, and added to 2 in 1951, each is distinct, and contain different elements.

The sufficiency of the indictment in this case was not challenged until this appeal. This is permissible because the indictment omitted essential elements, whereby it became so defective that by no reasonable construction can it be said to charge the offense "for which this Petitioner was convicted". **See, United States vs. Camp,** 541 F.2d 737, 744 Head Note 9, (8th Cir. 1967), also See, **U.S. vs. Berlin,** 472 F.2d 1002, 1007 (2nd Cir. 1973)

the fact that this Petitioner did not raise this issue until after the completion of the government's case, and after sentencing, did not constitute a waiver of the deficiency. **See, Rule 12(b)(2)** of the **Federal Rules of Criminal Procedure.**

Petitioner's indictment was insufficient as to **Counts A & B,** counts under the standard of **Hamling vs. U.S.,** 418 U.S. 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974).

Therefore, Petitioner's indictment did not include the words **Aids, Abets, Counsel, Commands, Induces,** and **Procures** in **Counts A & B.** Counts failed to indicate which of the two (2) subsections of **Title 18 U.S.C. Section 2** Petitioner was being charged with, **A** or **B,** which created an undue burden for Petitioner to have to defend against a charge beyond that which the indictment was intended to convey. Due to Ineffective Assistance of Counsel, and /or Court errors as to petitioner's Due Process Rights being violated as to **Counts A & B,** counts as to the indictment being legally insufficient to comply with the Grand Jury Indictment Clause of the Fifth Amendment.

By not identifying the specific language of **Title 18 U.S.C. 2,** the Defendant was not on notice that he was also being charged with **aiding,** and **abetting,** it is a common practice to attach **Title 18 U.S.C. 2** to conspiracy charges, and substantive charges where an **aider,** and **abettor** charged is an active element of the case. However, the government's use of this is also without tracking the language of the indictment, and not putting the Defendant on notice that he is also being charged as an **aider** and **abettor.**

Without sufficient information to identify that conduct which the Grand

Jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him. See, **United States vs. Tomasetta**, 429 F.2d 978 (1st Cir. 1970). **United States vs. Murphy**, 762 F.2d 1151, (1st Cir. 1985), Federal Rules of Criminal Procedure 7.CL, and **Russell vs. United States**, 369 U.S. 749, 82 S.Ct. 1083, (1962).

Respectfully submitted,

James Thomas Nolen

## ISSUE II

Petitioner **James Nolan**, was not indicted or charged by the **Grand Jury**, **under Title 21 USC 841(a)(1), or Section 2, or 18 USC 1962(C), 18 USC 1962(d), 18 USC 1951,** or any of the Penalty provisions provided by the United States Constitution under the 5th Amendment Indictment Clause. After an indictment has been returned its charges may not be broadened except by amendment by the Grand Jury. An indictment is sufficient if it charges an offense, contains the elements of that offense, and charges a penalty to put Defendant on notice of the penalty, and informs the Defendant of the charges against him. Federal Courts have recognized two kinds of erroneous departures from the original indictment of a Grand Jury, each with its own standards governing prejudice. An amendment of the indictment which occurs when the charging terms of the indictment are altered, either literally. **See, Ex Parte Bain 121, U.S. 1,7, S.Ct. 781, 30 L.Ed. 849 (1887) or in effect. See Stirone vs. United States, 361 U.S. 212, 4, L.Ed.2d 252, 80 S.Ct. 270 (1960)** by the prosecutor, or court after the Grand Jury has passed upon them a variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment. See, 1. L. Orfield Criminal Procedure under the **Federal Rules 87:63 (1966).**

Petitioner avers hereafter that every conceivable violation occurred at the hands of the prosecutor, and District Court in this Petitioner's case as it applies to this indictment, conviction, and sentencing.

An amendment is thought to be bad because it deprived the Defendant of his right to be tried upon the charge in the indictment as found by the

Grand Jury, and hence subject to its proper scrutiny. (See, **Stirone**, **note 5**) **A.** Variance is thought to be bad because it may deprive the Defendant of notice of the details of the charge against him, and protection against reprosecution. See, **Burger vs. U.S.**, 295, U.S. 78, 82, 55, S.Ct. 629, 79 L.Ed. 1314 (1935). **United States vs. Cancellieve**, 69, F.3d 1116 (11th Cir. 1995). **U.S. vs. Laporta**, 46 F.3d 152, 156, 2nd Cir. (1994). **Jones vs. United States**, 118 S.Ct. 1359, 64 CrL 1512, 1517, N6 (1999). **United States vs. Church**, 955 F.2d 688, 697, (11th Cir.) cert. denied, sub nom. **Coppola vs. U.S.**, _____U.S._____ 113 S.Ct. 233, 121 L.Ed.2d 169, (1992). **U.S. vs. Coporale**, 806 F.2d 1487, 1489, (11th Cir. 1986). **U.S. vs. Reed**, 980 F.2d 1568, 1581, (11th Cir. 1993).

Because the leading amendment case of Ex parte Bain rested explicitly upon the Constitution, and because it apparently excludes any notion of a non-prejucicial amendment to the indictment, the concept of harmless error has not been applied to amendment. However, the strictness of this rule perhaps inconsistent with present notions of efficient administration of Justice, has been avoided by a simple expedient. Rather than amend the terms of an indictment, a prosecutor simply process facts which the amended indictment would have charged. Thus instead of an amendment there is a variance, and the accepted rule is that a variance does not call for dismissal of the indictment except a showing of prejudice. See, **361 U.S. at 218-219, 80 S.Ct. at 274, 4 L.Ed.2d 252,** the **Stirone** case limited the use of this device. In that case, there was no actual amendment of the indictment, rather there was a variation in proof from the Grand Jury's charges.

However, the Supreme Court found the variance substantial enough to

amount to a constructive amendment of the indictment, and relied on Bain in ordering the indictment dismissed. The reason given was not that variance deprived the Defendant of notice or protection against double jeopardy, but rather that it infringed his right to have the Grand Jury make the charge on its own judgement. See, 361 U.S. at 218-219, 80 S.Ct. at 274, 4 L.Ed.2d 252.

This sort of error we have in this case is both of the constructive type amendment, and considerable variance, it is also defective in that it fails to give fair notice of the penalty involved. The procedure used did not ensure that the Grand Jury (made) the charge on its own judgement. In the leading case of **Ex Parte Bain**, 121 U.S. 1, 7, S.Ct. 781, 30 L.Ed. 849, (1887). **See at 121 U.S. at 9-10, 7 S.Ct. at 786.**

The **Supreme Court** has continued to adhere to the **Bain** principle in recent years. In **Stirone**, the Grand Jury charged a violation of the Hobbs Act. It found that the Interstate Commerce Clause affected was the victim's shipment of sand from various other states to his plant in Pennsylvania. The trial Judge allowed the government to introduce evidence of Interstate Commerce other than that charged- i.e., the movement of finished steel from the victim's plant outward to other states. The Court set aside the conviction holding that the proof at trial of these uncharged facts, amounted to an amendment of the indictment with respect to the element of the Interstate Commerce Clause. The Court relied on **Bain**, 361 U.S. at 216-217, 80 S.Ct. at 273, **and quoted extensively** from the passage set out above, the Court stated:

"The Bain case, which has never been

> disapproved, stands for the rule that a court
> cannot permit a Defendant to be tried on
> charges not made in the indictment against
> him."

In **Russell,** the Supreme Court held that a bill of particular cannot cure a fatally **imprecise indictment.**

To allow the prosecutor, or the Court, to make a subsequent guess as to what was in the minds of the Grand Jury at the time that they returned the indictment, would deprive the Defendant of a basic protection which the guaranty of the intervention of a Grand Jury was designed to secure for a Defendant. For he could then be convicted on the basis of facts not found by, and perhaps not even presented to the Grand Jury which indicted him.

In **Bain,** **Stirone,** **and** **Russell,** the Supreme Court has shown that it takes seriously, and requires to be enforced rigorously the Fifth Amendment's command that a Defendant to a charge of "infamous crime" be tried on an indictment of a Grand Jury.

Petitioner draws on history to support his argument before this Court at bar, and to support his argument that the framer contemplated the Grand Jury passing on the actual words of the indictment. Movant notes, that the Supreme Court's statement that there is every reason to believe that our Constitutional Grand Jury was intended to operate substantially like its English progenitor. See, **Costello vs. U.S.,** 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed.2d 397 (1956).

To be informed of the crime charged necessarily includes notice of both the conduct forbidden, and penalty prescribed. See, **United States vs. Evans,** 333 U.S. at 485-95. **United States vs. Eaton,** 104 U.S. 677, 686 (1892). To

allow the government to include the **(b)** section/portion of 841 without first submitting it to the Grand Jury would be an impermissible broadening of the indictment in violation of the Supreme Court's decision in **Stirone,** and **Miller,** thus, the government cannot avoid ambiguity created by the failure to cite to the relevant subsection of the **(b)** portion in this case. Which leaves the assumption that the conviction herein rested on a ground not charged in the indictment or presented to the Grand Jury. Furthermore, actual notice of the maximum is futile unless the notice is also timely. Constructive **amendments** of **indictments are per se violations** of the **Fifth Amendment** that require reversal even without showing of prejudice. **United States vs. McCormick,** 72 F.3d, 1404, (9th Cir. 1985). Specifically this principle entitles a Defendant to actual notice of the maximum penalty for the specific conduct charged in the indictment, and also penalty must be charged in the indictment.

Under the language of either the old or new version of §846, a Defendant would be under the same imprisonment, and fine up to the maximum penalties as provided in the substantive offense. **Bifalco vs. United States,** 447 U.S. 381, 396 (1980). Relying on language of predecessor statute to conclude that section §846 authorizes two types of sanctions; **Fines** and Imprisonment, and fixes the minimum amount that may be imposed by inference to the penalty provision of the target offense.

On February 24, 1998, the Supreme Court heard oral argument in **Edwards vs. United States, No.** 76-8732, the Court declined to address this particular argument, in his decision but has provided the Lower Court with an eye-opening discussion where **Justice Scalia** Stated there are no penalties in section 841(A) therefore, section 841(A) cannot be the object of the

conspiracy under the language in section 846. When they responded that the penalties for 841(A) are enumerated in 841(b) **Justice Scalia** retorted that section 841(b) then becomes part of the offense. later in the hearing Assistant United States Solicitor General Edward C. Dumont Esq., even if it were true that we could not impose a term of imprisonment, the conviction the special assessment, and the record, and so on would reflect a conviction for a felony, and that felony would be defined by 841(A). It would have nothing to do with 841(b).

Obviously, the Supreme Court agrees with Movant's argument, and the Assistant to the Solicitor General's statement above is just about as close as he could come to conceding, without actually saying, I concede that without putting the Defendant on notice in the indictment of the 841(b) subsection of the statute the offense defined in 841(A) does not provide for punishment or imprisonment for the sake of this argument. Movant assumes this Court, and the government's position is that the **(b)** portion of 841 is a sentencing factor, and doesn't come into play until a conviction has been obtained. Movant submits that his right of timely notice, and effective notice of the maximum penalty he faces, has been violated in light of the U.S. Supreme Court's Due Process decisions, and respectfully asks this Court to dismiss this indictment as it is a violation of his Constitutional rights.

If the Fifth Amendment Due Process Clause requires at bare minimum, notice of the maximum potential penalty before the onset of jeopardy, then this case is lacking a statutory maximum penalty.

The government has repeatedly either misunderstood or misrepresented

the nature, and execution of Title 21 U.S.C. §841. The government would apparently presume that it is only required to use §841(A) during the trial phase as listed on the indictment, and that they are not required to list the (b) portion of §841 until a conviction has been obtained. This Court of course, cannot determine what the statutory maximum penalty will be simply by relying on the (A) portion, this is the Grand Jury's job.

The plain meaning of section §846 is confirmed by examining the language of the general conspiracy statute, because the general conspiracy statute also uses the term **"the offense"** the commission of which is the object of the conspiracy to include a sufficient definition of the offense sufficient to determine which of the two statutory maximum apply. See, **e.g.** **Ratzlof vs. United States**, 510 U.S. 114 S.Ct. 655, 600 (1996). A term appearing in several places in a statutory text is generally read the same way each time it appears.

The government has concluded elsewhere that the due process clause entitles a Defendant to notice of the statutory maximum punishment. See, **United States vs. Carozza**, 4 F.3d 70, 81, 1st Cir. (1993) cert. denied, 511 U.S. 1069 (1994).

We argue with the government that the statutory sentence must be determined by the conduct alleged within the four corners of the indictment. Otherwise a Defendant would not know at the time of his arraignment or change of plea what his maximum sentence would be on the charged offenses. On March 24, 1999, the U.S. Supreme Court made it clear in **Jones vs. United States**, 118 S.Ct. 1359, (1999). That the penalty subsection of Federal carjacking **Statute 18 U.S.C. 2119**, were not merely sentencing consideration but were to be considered **elements of the offense** that must be charged that must be charged, and incorporated in the **indictment**, proven beyond a reasonable doubt, and submitted to the jury for its **verdict Id. 1999 WL 155,**

-17-

688 at 13, 3/24/99.

The intent of Congress in the application of Title 21 U.S.C. §841(a)(1), and (b)(1) convictions was to use those statutes individually, and collectively to establish both the crime, and penalty for which a person is exposed when indicted. By the government omission of drug quantity in the indictment or a sub of (b)(1) to implicate the sentence to be imposed the government has failed to apply the statute consistent with its intent as legislated by Congress. Section §841(a) does not establish a penalty or a quantity of drugs citing §841(a) in an indictment is insufficient on its fact to establish adequate notice or a complete indictment tracking statutory language and penalties. See United States vs. Meshack, and United States vs. Baez, specifically states that the quantity of drugs, must be alleged in the indictment. In the case at bar, there was no drugs in the indictment, or penalty. The drugs would trigger a penalty if that penalty statute was plead in the indictment. In this indictment, there were no **drugs** no **penalty** totally silent on two elements of the crime, and conduct that must be in the indictment.

**Title 21 U.S.C. §841(a)(1) and §846 cannot constitutionally serve as a basis for a criminal conviction** in that it does not create a crime without a penalty provision. The Court does not have jurisdiction.

The indictment in the case at hand only recites the statutes under **21 U.S.C. §846, and §841(a)(1)**. Neither **statute** contains a penalty provision. The **statute** of conviction in this case is a disjointed criminal statute which prescribes no penalty, and which therefore, cannot constitutionally serve as the basis for a criminal conviction in that it does not create a

-18-

crime as a matter of law. The base sentencing element is under 21 **U.S.C.(b)** which was not charged in the **indictment**, nor was the jury instructed as to this element. Moreover, the judgement contains no penalty provision restricting the Courts jurisdiction to sentence the Petitioner to any term of **imprisonment.** And consequently the Petitioner received an unauthorized sentence. See, <u>**United States vs. Prentiss**</u>, 206 F.3d 960 10th Cir. (2000). <u>**United States vs. Dubo**</u>, 186 F.3d, 117, 9th Cir. (1999). <u>**United States vs. Spinner**</u>, 180 F.3d 514, 3rd Cir. (1999). <u>**United States vs. Rudsill**</u>, 2000 U.S. App Lexus 10380 4th Cir. **May** (2000).

Failure of an indictment to allege an essential element is not subject to harmless error analysis as it constitutes a structural defect in the trial mechanism. See, <u>**United States vs. Matthews**</u>, 178 F.3d 295, 301, 5th Cir. 120 S.Ct. 359, (1999). <u>**United States vs. Norby**</u>, 225 F.3d, 1053, 59, 9th Cir. (2000). **Secdtion** 841(a) **contains no penalty provision.**

To let this conviction stand against the Petitioner in such a case as this with an indictment that was wholly silent as to an essential element of the offense, would be to demean the role of the **Grand**, and **Petit Juries**, and the **constitutional rights to indictment** by a Grand Jury, and to due process including full, and fair notice of all elements of a criminal offense charged against a Defendant.

The failure of the District Court to submit the essential element of the offense charged (penalty) to the jury, and to require that such an element be proved to the jury, satisfaction beyond a reasonable doubt renders the conviction on these counts, 1 and 2, of the indictment in the Petitioner's case constitutionally inform and requires these convictions, and sentence to be vacated.

The application of **Apprendi** to 21 U.S.C. §841(a)(1) and §846 leads inescapably to the conclusion that those statutory sections simply have no penalty provisions, and therefore, do not **constitutionally** state a crime.

One of the most fundamentally important **constitutional principles** in the criminal arena is the right to have every fact of a crime, and element of the criminal offense charged in the **True Bill, indictment,** and submitted to a jury, and proven to that jury's satisfaction beyond a reasonable doubt. See, **In Re Winship,** 397 U.S. 358, 364 (1987).

The Supreme Court in **Neder vs. United States,** 527 U.S. 1, 8-9, (1999) has held that it is not always reversible error to fail to submit to a jury an essential element of a criminal charge. If for example, no reasonable jury could have found against the prosecution with respect to this element. The error can be treated as harmless. The same thing however cannot be said of the part of the **Apprendi** principle--**that every element of a crime must be charged in a Federal indictment.** Our research uncovers no case **ever** holding that the omission of an element of a crime from an indictment can be harmless error. In such cases Courts do not ask whether a jury would have found that element or the evidence submitted to it, or, indeed whether the Grand Jury would have returned an indictment including that element if it had been asked to do so. Rather an indictment that omits an element of a crime is structurally deficient, and provides no lawful basis for bringing anyone to trial. Failure to include an essential element in a Federal indictment warrants relief. See, **United States vs. Zangger,** 848 F.2d, 923, 925, 8th Cir. (1988). **United States vs. Camp,** 541 F.2d, 737, 740, 8th Cir. (1976).

This indicates the Supreme Court's own understanding that **Apprendi**

recognizes bedrock procedures that are implicit in the concept of ordered liberty, and that touch on the fundamental fairness of the trial. Indeed four Justices almost explicitly endorsed a **Teague** exception for **Apprendi** claims by stating: "Today in what will surely be remembered as a watershed change in Constitutional law, the court imposes as a constitutional rule the principle it first identified in **Jones 120 S.Ct. at 2380.** Every element of a criminal offense must be charged in the indictment, and must be submitted to, and found by a jury beyond a reasonable doubt."

Federal Constitutional right to be charged, and tried for serious charges only upon Grand Jury indictment containing all the elements of the offense is a substantive rule of **Constitutional Law.**

See, **Hamling vs. United States**, 418 U.S. 87. An indictment with missing elements of an offense is fatally defective, **United States vs. Morrison**, 536 F.2d, 286, 288, 9th Cir. (1976). See, **United States vs. Jones**, 235 F.3d, 1231, 1235, 10th Cir. (2000). **Drug quantity must be included in the indictment after Apprendi.**

See, **United States vs. Morales Rosales**, that criminal information does not charge the second element of the offense the penalty section. The failure of an information to charge an offense is a jurisdictional defect that is not waived by a guilty plea. See also, **United States vs. Eldrington**, the failure to charge an essential element of a crime is by no means a mere technicality, See, **United States vs. King**, 587 F.2d, 956-963, (1978). See, **United States vs. Kurkia**, 818 F.2d, 1427-1431, (9th Cir. 1987). See, **United States vs. Spruill**, 118 F.2d, 221, 227, (4th Cir. 1997). See, **United States vs. Brown**, 995 F.2d, 1498, (10th Cir. 1993).

Failure of the indictment to allege all the essential elements of an offense is a jurisdictional defect requiring dismissal the absence of prejudice to the Defendant does not cure what is necessarily a substantive jurisdictional defect in the indictment. See, 967 F.2d, 483, (11th Cir. 1992). A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense. See, **United States vs. Italiano**, 837 F.2d, 1480 (1988). **United States vs. Deiseh**, 201 F.3d, 139, 5th Cir. To allow the government to include the **(b)** section/portion of §841 without first submitting it to the Grand Jury would be an impermissible broadening of the indictment in violation of the Supreme Court's decision in **Stirone** and **Miller** thus, the government cannot avoid ambiguity created by the failure to cite to the relevant subsection of the **(b)** portion in this case, which leaves the assumption that the conviction herein rested on a ground not charged in the indictment or presented to the Grand Jury.

Furthermore, actual notice of the maximum is futile unless the notice is also timely. In a variety of contexts, that means that the defendant is entitled to actual notice of the maximum penalty that he may suffer, before the proceeding that can impose that punishment begin. See, **Lankford vs. Idaho**, 500 U.S. 110, (1991).

Congress provided no penalty provision for a generic violation of **section 841(a)**, but only for specific kinds of violation **section 841(a)**. Under **Section 841(a)**, only violations involving specified narcotics prescribe penalties. For this reason a **Section 846** conspiracy attempt premised on a **Section 841** a violation must incorporate the particular subdivisions of **Section 841(b)** setting forth the penalty, and any of its

statutory maximum enhancements.

Only in that way can Congress explicitly direct that the penalty of a conspiracy or attempt to commit any offense be subject to the same penalties or those prescribed for the offense be carried out.

See, **United States vs. Kurka**, 818 F.2d, 1527-1431, (9th Cir. 1987). See, **United States vs. Spruill**, 118 F.3d 221, 227, (4th Cir. 1997). See, **United States vs. Brown**, 995 F.2d, 1493, (10th Cir. 1993). Failure of the indictment to allege all the essential elements of an offense is a jurisdictional defect requiring dismissal of the indictment. The absence of prejudice to the Defendant does not cure what is necessarily a substantive jurisdictional defect in the indictment. See, **United States vs. Gayle**, 967 F.2d, 483, (11th Cir. 1992). A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense. See, **United States vs. italiano**, 837 F.2d, 1480, (1988). **United States vs. Deisch**, 20 F.3d 139 (5th Cir. 1994). To be sufficient an indictment must allege each material element of the offense, if it does not, it fails to charge that offense. See, **Kelly vs. United States**, 29 F.3d, 1107-1111, 1112, (7th Cir. 1994).

Respectfully submitted,

*James Thomas Nolen*

November 5, 2010

## CONCLUSION

Petitioner James Nolan, has shown that his Attorneys were so ineffective before Trial, during Trial, and Sentencing, and during Post Conviction Proceeding that his Constitutional rights under the 5th, 6th, and 14th Amendments were violated on Due Process of Rights. To Trial, and Effective Counsel, during Trial, and after Trial, on Appeal. That this conviction must be overturned, and the indictment dismissed.

Respectfully submitted,

## CERTIFICATE OF SERVICE

I, James Nolan, under penalty of perjury, acknowledge that the foregoings are true, and correct, and also declare that one Copy, Prepaid by United States Postal Service was sent to the U.S. Attorney Office in the Southern District of Florida.

Respectfully submitted,